Opinion issued January 5,
2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00285-CR

NO. 01-11-00286-CR

NO.
01-11-00287-CR

____________

 








JESUS NOE TORRES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause Nos. 1200742, 1200743, and 1200744

 

 



MEMORANDUM
OPINION








          Appellant,
Jesus Noe Torres, pleaded guilty to aggravated
robbery in cause numbers 1200742 and 1200743, and the trial court dismissed a
third cause number, 1200744, on the State’s motion.  In accordance with the terms of appellant’s
plea agreement with the State, the trial court sentenced appellant to 15 years’
confinement in cause numbers 1200742 and 1200743, with the sentences to run
concurrently.  Appellant filed a pro se
notice of appeal in each of the three causes.  We dismiss the appeals. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

Here, the trial court’s certifications
are included in the records on appeal. See
id.  In cause numbers 1200742 and
1200743, the trial court’s certifications state these are plea bargain cases
and that the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  Appellant did
not appeal any pre-trial matters, and the trial court did not give permission
for appellant to appeal. The records support the trial court’s certifications. See Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005). 
Because appellant has no right of appeal, we must dismiss the appeals of
cause numbers 1200742 and 1200743.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Furthermore, the appeal of cause
number 1200744 is moot because there was no judgment of guilt in that cause
number; it was dismissed by the trial court. 

Accordingly, we dismiss these appeals
for want of jurisdiction.  We dismiss all
pending motions as moot.

PER CURIAM

Panel consists of Justices Keyes, Higley, and Massengale.

 

Do not publish. 
Tex. R. App. P.
47.2(b).